IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**
FEB 16 2010
Phil Lombardi, Clerk
U.S. DISTRICT COURT

(1)  BRIAN CARTER,               )
                                  )
         Plaintiff,              )
                                  )   Case No.:
vs.                               )
                                  )   **10 CV - 099 CVE   PJC**
(1)  POP RESTAURANTS, L.L.C.,    )
a foreign limited liability company, )   ATTORNEY LIEN CLAIMED
                                  )
         Defendant.              )   JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW the Plaintiff, Brian Carter, through his attorneys of record, Daniel E. Smolen, Donald E. Smolen, II, and David A. Warta, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against the Defendant, Pop Restaurants, LLC, a domestic limited liability company ("POP" or "Defendant"), pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA" or, "the Act") regarding unpaid overtime, and under the Act and Okla. Stat. tit. 85, § 5, for retaliatory discharge. In support thereof, Plaintiff respectfully shows the Court:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff was, at all times pertinent to this action, employed by Defendant within the Northern District of Oklahoma.

2. Defendant POP is a foreign limited liability company regularly engaged in business in the Northern District of Oklahoma.

3. Defendant POP is an "employer" within the meaning of the FLSA and Plaintiff is an "employee engaged in commerce" within the meaning of the FLSA.



4. Plaintiff is entitled to the protection afforded by the minimum wage and overtime provisions of the FLSA, and has standing under Section 16(b) of the Act to maintain this action.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367; venue properly rests in this Court under 28 U.S.C. § 1391(b), (c).

6. Compensatory damages, attorneys' fees and costs are sought pursuant to 29 U.S.C. § 216(b) and Okla. Stat. tit. 85, § 5.

7. Punitive damages are sought pursuant to Okla. Stat. tit. 85, § 5.

## OPERATIVE FACTS

8. Plaintiff, Brian Carter, incorporates as if realleged Paragraphs 1-7.

9. On or about January 2008, Plaintiff began his employment as an employee of Defendant.

10. From approximately March 2008 through December 13, 2009, Plaintiff regularly performed work in excess of forty (40) hours per week on behalf of Defendant and was not compensated at a rate of one and one-half times his hourly rate for that work.

11. Plaintiff does not meet any of the recognized exemptions of the FLSA that would preclude him from receiving time and one-half for work performed in excess of forty hours per week.

12. During his employment, Plaintiff asserted his rights to the unpaid overtime under the FLSA.

13. In April 2009 and on December 13, 2009, Plaintiff sustained work related injuries while working for Defendant. Plaintiff filed workers' compensation claims due to the injuries sustained on the aforementioned dates.

14. While Plaintiff was off work due to the December 13, 2009 injury, and after having been repeatedly notified that Plaintiff was asserting his rights protected by the FLSA, Defendant terminated Plaintiff's employment.

## FIRST CLAIM FOR RELIEF

## UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

15. Plaintiff, Brian Carter, incorporates as if realleged Paragraphs 1-14.

16. At all times material to this lawsuit, Plaintiff was employed by Defendant and frequently worked in excess of forty (40) hours per week in performance of the duties assigned by Defendant.

17. Plaintiff is not subject to any of the FLSA's exemptions from overtime compensation, as set forth in the Act. Defendant has a statutory duty to maintain accurate time records covering all hours worked by Plaintiff and to compensate Plaintiff at the rate of one and one-half (1 1/2) times his regular hourly wage for all time worked in excess of forty (40) hours in one week.

18. Defendant's failure to maintain accurate time records and to properly compensate Plaintiff for overtime hours worked was a knowing, willful and intentional violation of the FLSA.

    WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. unpaid overtime wages, with prejudgment interest thereon;
    b. liquidated damages;
    c. attorneys' fees and costs pursuant to Section 16(b) of the FLSA;
    d. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF

## RETALIATORY DISCHARGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff, Brian Carter, incorporates as if realleged Paragraphs 1-18.

20. By subjecting Plaintiff to retaliation by terminating his employment for asserting his rights under the FLSA, Defendants have violated 29 U.S.C. § 215(a)(3).

WHERFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay;
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of retaliation committed by Defendants;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF

## RETALIATORY DISCHARGE IN VIOLATION OF THE OKLAHOMA WORKERS' COMPENSATION ACT

21. Plaintiff, Brian Carter, incorporates as if realleged Paragraphs 1-20.

22. While employed by Defendant, Plaintiff sustained accidental injuries on or about April 2009 and December 13, 2009. The aforementioned injuries arose out of and in the scope of his employment.

23. As a result of these injuries, Plaintiff underwent treatment.

24. After the December 13, 2009 injury, and while on protected leave under the Oklahoma Workers' Compensation Act, Plaintiff was terminated from his employment in retaliation for sustaining an on the job injury.

25. This act of termination violates the Oklahoma Workers' Compensation Act, Okla. Stat. tit. 85, § 5.

26. As a result of this wrongful termination, plaintiff has suffered considerable damages including, but limited to, loss of medical benefits, lost wages and other actual damages in excess of $75,000.00.

WHERFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay;
b. Compensatory damages for his mental anguish, pain and suffering and other non- pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at POP.

Respectfully submitted,

_____
Daniel E. Smolen, OBA# 19943
Donald E. Smolen, OBA #19944
David A. Warta, OBA# 20361
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 S. Cincinnati Ave.
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*